KLUKAS, Appellant, vs. LINDERMAN, Administrator, Respondent.

*September 21—October 19, 1920.*

*Executors and administrators: Claims against decedents: Amendment on appeal to circuit court: Appeal to supreme court: Weight accorded findings of court.*

1. Although the original claim filed against the estate of a decedent in the county court alleged that a loan made to the deceased was evidenced by a writing, the action of the circuit court, after appeal, in allowing claimant to amend the claim by alleging the facts as to the loan in the form of a separate count without reference to the writing, was not improper, as such amendment did not withdraw the claim first filed, but merely allowed plaintiff to recover on the loan if legally established by other evidence in case he failed to establish that the writing was given by decedent.

2. Where the trial court saw the witnesses and heard their testi-
mony, which was conflicting, it was the best judge of the
weight thereof; and it is *held* that a finding that the deceased
was not indebted to claimant at the time of his death is not
against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Dunn
county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

This plaintiff filed a claim in the county court of Dunn
county against the estate of J. D. Simons, deceased, for the
sum of $500, less interest payment of $25, which plaintiff
claims he loaned to deceased on September 2, 1915. This
claim as filed states that it was evidenced as follows:

Colfax, Wis., Sept. 2, 1915.

In the State of Wisconsin, in the County of Dunn. I
herewith agree to pay *Mr. Robert Klukas* five hundred
dollars with interest at five per cent. until it is paid.

J. D. SIMONS.

Interest as shown to this date.................  $70 83
Less one payment of......................   25 00

Leaving ................................  $45 83
   Total  ..............................$545 83

After a trial the county court allowed the claim in full,
with interest. An appeal from this judgment was taken to
the circuit court for Dunn county. In circuit court the
claimant was allowed to add to his claim by alleging in
substance a loan of $500, regardless of the paper or note
evidencing it. The action was tried before the court with-
out a jury. The court found (1) that the promissory note
introduced in evidence was not executed by deceased and
that the signature thereon is not the genuine signature of
the deceased, and that deceased in no manner authorized the
execution of the note; (2) that the allegations of the
claimant that on September 2, 1915, he loaned to deceased
the sum of $500 are unproven and untrue; (3) that at the
time of his death deceased was in no way indebted to
claimant. Judgment was entered disallowing the claim of
plaintiff, from which judgment appeal is taken to this court.

For the appellant there was a brief signed by *Dayton E. Cook* of Chippewa Falls, and oral argument by *Mr. Cook.*

For the respondent there was a brief by *Linderman & Ramsdell* of Eau Claire, and oral argument by *G. O. Linderman.*

SIEBECKER, C. J.    The original claim filed in county court by plaintiff states that the alleged loan was evidenced by the writing above mentioned. The circuit court permitted claimant to amend the claim by alleging the facts of the loan in the form of a separate count without reference to this writing. We discover no error in so amending the claim. This, however, did not operate to so amend the claim as to effect a withdrawal of the claim filed and thus completely substitute another claim for the one originally filed in county court. If plaintiff failed to establish that the writing as alleged was given by decedent as evidencing the loan, he would not be barred from recovering on his claim the amount of a loan if it was legally established by other evidence than the writing. Hence the amendment of the claim in circuit court accomplished no more than to permit claimant to recover the alleged debt, if satisfactorily proven aside from the alleged written memorandum. All of the evidence received by the court was material and competent evidence upon the issue raised by the pleadings, and must be considered in determining whether or not the findings of the circuit court assailed on this appeal are sustained. An examination of the evidence adduced shows that the circuit court was amply justified in concluding that the writing presented by claimant as evidencing the loan did not bear the signature of decedent and that the evidence of the witnesses testifying to the negotiation between claimant and decedent resulting in the alleged loan and the giving of the alleged writing, in connection with the other evidence before the court, lacked in probative force to establish the making of the loan as claimant asserts. The trial court saw

and heard these witnesses while on the stand and could best judge of the weight of their testimony. It is considered that the findings of the court cannot be held to be against the clear preponderance of the evidence, and they must stand.

*By the Court.*—The judgment appealed from is affirmed.